### CITY OF NEW YORK v. CHASE, TALBOT & CO.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

TAXATION (§ 593*)—PERSONAL TAXES—ACTIONS—DEFENSES.

In an action against an insolvent corporation to recover personal taxes, evidence *held* to require the court to dismiss under Tax Law (Consol. Laws 1909, c. 60) § 301, providing that where a person or corporation, when sued for personal tax, is unable for want of property to pay the whole or any part thereof, the court may dismiss and direct the cancellation or reduction of the tax.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 593.*]

Ingraham, P. J., and Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by the City of New York against Chase, Talbot & Company. From a Special Term order denying a motion to dismiss an action to recover a personal tax, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

George H. Mallory, for appellant.

William H. King, for respondent.

DOWLING, J. This is an appeal from an order denying a motion to dismiss the present action, which is brought to recover the

personal taxes for the year 1907, amounting to $2,358.31, assessed against the defendant, a domestic corporation, on its capital stock and surplus, valued at $158,700.

The affidavits established that the defendant is a corporation organized in the year 1906 to take over the business of the firm of Chase, Talbot & Co., who were engaged in finding purchasers for lumber sent to them on consignment, being remunerated by commission on sales if made. The corporation was organized by Hammond Talbot (son of one of the firm) and Frederick Eaton, and its notes were issued in payment for the book accounts, contracts, and good will of the firm. The contracts proved to be sources of loss. Because of business conditions in 1907 and 1908, the book accounts proved to be of but small value. The notes have never been paid. Out of its authorized capital of $250,000, the corporation issued but $170,000, all to Talbot and Eaton, for what consideration does not appear. No money was ever paid for any stock. It now satisfactorily appears that in 1907 the corporation was insolvent, its debts exceeding its assets by over $20,000, and it was utterly unable to pay the taxes or any part thereof. When its officer was examined in November, 1909, its only property was office furniture worth $150 to $200. It had no bank account, but only bank credits, against future commissions. It is shown that the statement furnished for 1907 to the department of taxes and assessments, on which the tax was based, was erroneous and not supplied by any officer of the corporation.

This motion is made under section 301 of the tax law (Consol. Laws 1909, c. 60), as follows:

"Where the person or corporation against whom a proceeding or suit is brought to collect a personal tax in arrears is unable for want of property to pay the tax in whole or in part, or where for other reasons upon the facts as they existed either before or after the assessment was made it appears to the court just that said tax should not be paid, the court may dismiss such suit or proceeding absolutely, without costs, or on payment of such part of the tax as may be just or on payment of costs, and may direct the cancellation or reduction of the tax."

It clearly appears that the defendant was unable for want of property to pay the tax in whole or in part, and its motion should therefore have been granted.

The order appealed from should be reversed, without costs, and the motion to dismiss the action granted, on payment by defendant of taxable costs to date of making the motion.

McLAUGHLIN and SCOTT, JJ., concur.

INGRAHAM, P. J. I dissent. The defendant by its agent furnished to the tax commissioners a statement upon which the assessment of personal taxes for the year 1907 was made. It would seem that the person making such a statement was mistaken as to the value of the corporation's assets, and it appeared that the corporation had not money enough to pay its creditors. It made no application, however, either to the tax commissioners or to the court, to have the tax reduced. The fact that a mistake was made as to the assets of the

corporation or the amount of its property subject to taxation does not, I think, bring the case within section 301 of the tax law, which justified the court in dismissing the complaint in an action brought to collect the tax.

Nor do I think this case is brought within the provisions of that section which provides for a case where the person or corporation against whom the tax is assessed is unable for want of property to pay the tax in whole or in part. Here was a corporation upon which a tax was legally assessed, the corporation thereupon became indebted to the city of New York for the payment of the tax, and the city as such creditor has at least an equal right with the other creditors to have the indebtedness to it paid. I do not think that this provision was intended to meet such a case as the present.

I therefore think the judgment should be affirmed.

CLARKE, J., concurs.